# Compromise of Criminal Charges by Department of Agriculture

SHULL, Deputy Attorney General, December 8, 1931.—You have asked to be advised whether your department may make settlement with parties who have violated the provisions of the acts of assembly regulating the sale of agricultural seeds and mixtures thereof by accepting a fine and withholding criminal prosecution.

The seed acts to which your inquiry relates are the Acts of April 26, 1921, P. L. 316, and April 11, 1929, P. L. 488. The former makes it unlawful to sell, offer for sale, or expose for sale, vegetable seeds in bulk, package or containers of ten pounds or more without having attached a label on which shall be legibly written or printed the name of the seed and percentage of purity or freedom from inert matter. It provides that any person violating any of its provisions shall be guilty of a misdemeanor and, on conviction, sentenced to pay a fine of not more than $200. The Act of April 11, 1929, P. L. 488, includes agricultural seeds, vegetable seeds and seed potatoes. This act prohibits the use of the words "certified" or "registered," unless actual inspection has been made and certified by the Department of Agriculture. A violation of the provisions of this act is also made a misdemeanor and the penalty is identical with that provided in the preceding act.

The question which arises, therefore, is whether settlement may be made where violations have been committed under the provisions of either of said acts. The matter of settlement in criminal procedure is purely statutory and is authorized by the Criminal Procedure Act of March 31, 1860, P. L. 427, Sec. 9, which provides that:

"In all cases where a person shall, on the complaint of another, be bound by recognizance to appear, or shall, for want of security, be committed, or shall be indicted for an assault and battery or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy, by action, if the party complaining shall appear before the magistrate who may have taken recognizance or made the commitment, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate, in his discretion, to discharge the recognizance which may have been taken for the appearance of the defendant, or in case of committal, to discharge the prisoner, or for the court also where such proceeding has been returned to the court, in their discretion, to order a nolle prosequi to be entered on the indictment, as the case may require, upon payment of costs. . . ."

It will be observed that this act relates to settlement of criminal proceedings where complaint or information has been made before a court or magistrate and the defendant entered into recognizance or was committed to jail for his appearance in a court of quarter sessions. It does not apply to all misdemeanors, but is restricted to such as are (1) to the injury and damage of the party complaining; (2) not charged to have been done with intent to commit a felony; (3) not infamous crimes; and (4) those for which there shall be a remedy by civil action.

All of these conditions must concur, and if any be wanting, the act is not applicable. While compliance could be made with some of the clauses above noted, there could be nothing which covers clause (4) because there is no remedy provided for any civil action, hence the whole must fall.

This conclusion is fully sustained in Pearce et ux. v. Wilson et al., 111 Pa. 14, where it was said by Sterrett, J.:

". . . In general, it is to the interest of the public that the suppression of a prosecution, whether for felony or misdemeanor, should not be made matter of private bargain; and hence the suppression or settlement of such prosecutions is contrary to public policy, and, therefore, void, except in certain cases for the settlement of which provision is made. . . ."

There is no statute under which settlement is authorized to be made by one who has committed a crime in violation of the laws of the state. It is the

Commonwealth which has been offended and of which the courts take cognizance for the general welfare of society. For individuals to attempt settlement would be compounding the offense and suppressing the crime, which the law does not permit, except where such settlement is authorized by legislative enactment.

Therefore, you are advised that settlement may not be made with violators of the said cited acts prior or subsequent to making information before a magistrate or court for a violation thereof.

From C. P. Addams, Harrisburg, Pa.